Hazel **PARCHMAN** et al., Appellants,

v.

Rene **RODRIGUEZ** et al., Appellees.

No. 596.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 9, 1970.

——◆——

Wade & Traylor, John Traylor, Beeville,
Luther E. Jones, Jr., Corpus Christi, for
appellants.

Hector Gonzales, Beeville, Mario Obledo,
San Antonio, Edwards & DeAnda, James
DeAnda, Corpus Christi, for appellees.

## OPINION

GREEN, Chief Justice.

This appeal is from an injunction granted
on the trial on the merits enjoining the
county clerk of Bee County, Texas, from
causing to be printed on the ballot of the
forthcoming general election in Bee County
the name of defendant Domingo Medina as
an independent candidate for the office of
County Commissioner of Precinct No. 1
of Bee County, Texas. The order was
signed and entered by the trial judge
September 28, 1970. The appellants filed
a supersedeas bond in the amount set by
the trial court, which bond was approved
by the district clerk and on October 5,
1970, appealed by filing the transcript and
approved statement of facts in this Court.
Thereafter, on October 6, 1970, appellee
Gonzales filed his motion for leave to
file Petition for Writ of Mandamus,
wherein he alleged that the county clerk,
because of the supersedeas bond had, not-
withstanding the findings and injunction
of the trial court, proceeded to have the
ballot for the general election to be held
November 3, 1970 printed with the name
of Domingo Medina as an independent can-
didate for Commissioner, Precinct No. 1,
Bee County. Relator in said petition, who
is the Democratic nominee for said office,
prayed for the issuance of a writ of manda-
mus requiring the respondent members of
the County Election Board of Bee County,
and particularly, respondent county clerk
to have printed and to use for election
purposes in the general election to be held
November 3, 1970, including absentee
voting, only ballots which do not have the
name of Domingo Medina as an independ-
ent candidate for County Commissioner,
Precinct 1, Bee County.

Counsel of record for the parties have,
by written stipulation and appearance in
our Court, asked the Court to make prompt
disposition of these causes due to the emer-
gencies of the situation, and have filed
written briefs stating their respective
positions. They have mutually agreed that
the Court may direct that no motions for
rehearing will be entertained.

The trial court in the injunction suit
found that Medina's filing of his request
to have his name placed on the ballot as
an independent candidate was not timely
made, and hence was not in compliance
with Election Code, Art. 13.12a(5), V.A.
T.S. We agree with the trial court, and
affirm his judgment. In affirming, we

also dissolve the supersedeas bond heretofore filed by appellants.

We have today granted the writ of mandamus as prayed for by relator, who is appellee in the instant appealed cause number 596. We shall shortly write our opinion in number 597 setting out in greater detail our reasons for our actions, which opinion shall likewise apply to the present case.

No motion for rehearing will be considered.

Affirmed.