Affirmed.

**Ed I. PALMER, II, Relator,**

v.

**Calvin GUEST, Chairman of the Executive Committee of the Democratic Party of Texas, Respondent.**

**No. 955.**

Court of Civil Appeals of Texas, Tyler.

March 1, 1976.

Jack G. Neal, Sulphur Springs, for relator.

Joseph Connally, Odessa, for respondent.

## PETITION FOR WRIT OF MANDAMUS

McKAY, Justice.

Relator, Ed I. Palmer, II, requests the issuance of a writ of mandamus directing respondent, Calvin Guest, Chairman of the Executive Committee of the State Democratic Party, to certify the name of relator to the Secretary of State and have his name placed on the Democratic primary ballot as a candidate for the office of District Attorney, Eighth Judicial District of Texas, an office filled by the choice of the voters of more than one county.

In response to relator's petition, respondent filed a waiver stipulating to the facts as set out in relator's petition and that relator's application was in proper form and waiving service, notice, venue, appearance, and appeal. Respondent also asserts that there is no question of fraud on the part of relator involved here.

Relator attempted to file his application for placement on the ballot through the mails. Relator sent the application from Sulphur Springs, Texas, in due form by certified mail, addressed to respondent. The application was mailed on February 2, 1976, but prior to the filing deadline of 6:00 o'clock p.m. on Monday, February 2, 1976. Respondent, however, refused the application because it was not postmarked on or before February 1, 1976, the day before the filing deadline, as required by Tex. Election Code Ann. art. 13.12, sec. 2b (1969).

The pertinent portions of Tex. Election Code Ann. art. 13.12, are as follows:

"Art. 13.12 Application for place on ballot; filing; deadline; extension; withdrawal; notice

"The application to have the name of any person affiliating with any party placed on the official ballot for a general primary as a candidate for the nomination of such party for any office for which a nomination may be made at such primary shall be governed by the following:

\*     \*     \*     \*     \*     \*

"2. The application shall be filed with the state chairman in the case of all statewide offices and all district offices which are filled by the choice of voters residing in more than one county. \*     \* Except as provided in Paragraph 2a of this section, the application shall be filed not later than 6 p.m. on the first Monday in February (in this case February 2, 1976) preceding such primary.

\*     \*     \*     \*     \*     \*

"2b. Except as otherwise provided in Paragraph 2a, an application filed under either Paragraph 2 or Paragraph 2a of this section *shall be considered filed if sent to the proper chairman at his post-office address by registered or certified*

*mail from any point in this state not later than the day before the filing deadline, as shown by the postmark.* (Emphasis added.)

\* \* \* \* \* \*

"3. Within ten days after the first Monday in February, the state chairman shall file with the Secretary of State \* \* \* a list of the names of all candidates, arranged by office for which nomination is sought, whose applications have been timely received."

The legislative history shows that sec. 2b was added "by Acts 1969, 61st Leg., p. 2662, ch. 878, sec. 30, eff. Sept. 1, 1969."

The only question presented here is whether Art. 5429b–2, V.A.T.S., is applicable to the Election Code as urged by relator so as to extend the mailing deadline to February 2, 1976, thus rendering relator's application timely filed.

The pertinent portions of Art. 5429b–2, V.A.T.S., provide:

"Sec. 1.01. This Act provides rules to aid in the construction of codes (and amendments to them) enacted pursuant to the state's continuing statutory revision program. \* \* \*

"Section 1.02. This Act applies to

\* \* \* \* \* \*

"(2) each amendment, repeal, revision, and reenactment of a code, or provision thereof, which amendment, repeal, revision, or reenactment is enacted by the 60th or a subsequent Legislature;

\* \* \* \* \* \*

"Sec. 2.04. \* \* \*

"(b) *If the last day of any period is a* Saturday, *Sunday,* or legal holiday, *the period is extended to include the next day* which is not a Saturday, Sunday, or legal holiday." (Emphasis added.)

Since sec. 2b of Art. 13.12 is an amendment to the Election Code enacted by the 61st Legislature, we hold that Art. 5429b–2 is applicable. The last day of the period in which relator could have filed by mail fell on Sunday, February 1, 1976. Therefore, sec. 2.04(b) of Art. 5429b–2 operated to extend the deadline for filing by mail to and including Monday, February 2, 1976. In our opinion, relator timely filed his application.

We are further persuaded that Art. 5429b–2 is applicable by the fact that the day before the filing deadline is a Sunday. Therefore, it would be virtually impossible for a candidate, such as relator, to obtain a postmark on the day before the filing deadline as set out in sec. 2b of Art. 13.12. We should not interpret sec. 2b so as to convict the Legislature of foolish and futile action. *State v. School Trustees of Shelby County,* 150 Tex. 238, 239 S.W.2d 777 (Tex.1951).

The writ of mandamus will issue directing respondent to certify relator's name to the Secretary of State and to have his name placed on the Democratic primary ballot as a candidate for the office of District Attorney, Eighth Judicial District of Texas, in the general primary election on May 1, 1976.

On account of the emergency, due to the near approach of the May primary, the parties hereto will be denied the right to file a motion for rehearing.

DUNAGAN, Chief Justice.

I concur in the granting of the Writ of Mandamus. In addition to the reasoning stated in the majority opinion, it would seem to me that if the legislature did not intend for Art. 5429–2, Vernon's Rev.Civ. Stat.Ann. (Supp. 1975–76), to apply to the Texas Election Code, it could, and I feel would, have expressly said so. This it did not do. By not so limiting the scope of said article, it was given general application.

MOORE, Justice.

I dissent. I would sustain the ruling of the State Democratic Chairman in refusing to accept Relator's application on the ground that it was not timely filed.

As I view the law, the Code Construction Act relied upon by the Relator is not appli-

cable. Sec. 2.04(a) and (b) of the Act applies only in situations where some statute requires that an act be done within a specified period of time. It grants an extra day where the last day of the period falls on a Sunday. The Construction Code does not apply to the Election Code because there is nothing in the Election Code imposing a duty upon a party to perform an act within a specified period of time, the last day of which falls on a Sunday. The Election Code merely sets a deadline which the applicant may meet or not as he chooses. Consequently, I do not believe the Code Construction Act applies to the Election Code.

Another reason why I do not believe the Code Construction Act applies, lies in the fact that the Act is a general statute having general application, whereas the Election Code is a specific enactment dealing with a specific subject. If the Construction Code is applicable, it would mean that the Relator would be allowed an additional day to file his application. Thus, the provision of the two Codes would be conflicting. The rule is that where a general statute and a more detailed enactment are in conflict, the latter will prevail. 53 Tex.Jur.2d, Statutes, 186, p. 284. The Election Code is specific and detailed and states in plain language the law governing the nomination and election of officers and is therefore controlling. Sec. 1.01, Election Code.

Further, as pointed out by the Supreme Court in *Nunn v. New*, 148 Tex. 443, 226 S.W.2d 116 (1950): "The rule has long been firmly established in this State that where a statute requires that an act be done within a specified time, such as that specified here, the last day will not be excluded and the length of time thereby extended when that day falls on a legal holiday or Sunday, *unless the statute so provides*." (Emphasis supplied.)

It appears that the majority has, by judicial construction, repealed the legislative mandate setting the deadline on applications sent by mail and has, by judicial fiat, extended the time until 12:00 p.m. on the first Monday in February.