Donald A. THIEL, Relator,

v.

HARRIS COUNTY DEMOCRATIC
EXECUTIVE COMMITTEE et al.,
Respondents.

No. B–5863.

Supreme Court of Texas.

March 11, 1976.

Jefferson, Maness, Valdes & Mims, Michael Anthony Maness, Houston, for relator.

Paul R. Lawrence, Houston, for respondents.

DANIEL, Justice.

Relator, Donald A. Thiel, has petitioned this Court for an original writ of mandamus directing Respondents, the Harris County Democratic Executive Committee and its Chairman, Steven Oaks, to exclude from the 1976 Democratic primary election ballot the name of Paul R. Lawrence as a candidate for State Representative, District 90. Relator alleges that Lawrence failed to file his application for a place on the ballot before the mandatory filing deadline prescribed by Article 13.12 of the Texas Election Code.

 Relator Thiel is a duly certified candidate for the same office in the Democratic Primary to be held in Harris County on May 1, 1976. As the only other applicant for a place on the ballot for the office of State Representative, District 90, Thiel has the capacity to sue and is entitled to the writ prayed for if Lawrence failed to comply with the filing deadline. *Burroughs v. Lyles*, 142 Tex. 704, 181 S.W.2d 570 (1944). See also *Bounds v. McCallum*, 122 Tex. 116, 52 S.W.2d 1047, 1049 (1932); *Gilmore v. Waples*, 108 Tex. 167, 188 S.W. 1037, 1040–41 (1916); *Pulliam v. Trawalter*, 120 S.W.2d 108, 110 (Tex.Civ.App.1938, no writ).

The relevant provisions of Article 13.12, Texas Election Code, are as follows:

Art. 13.12. Application for place on ballot; filing; deadline; extension; withdrawal; notice

The application to have the name of any person affiliating with any party placed on the official ballot for a general primary as a candidate for the· nomination of such party for any office for which a nomination may be made at such primary shall be governed by the following:

. . . . .

2. The application shall be filed . . with the county chairman . . . not later than 6 p. m. on the first Monday in February preceding such primary.

. . . . .

2b. . . . [A]n application filed under [Paragraph 2] of this section shall be considered filed if sent to the proper chairman at his post-office address by registered or certified mail from any point in this state not later than the day before the filing deadline, as shown by the postmark. Any application not received by the chairman before the deadline does not comply with this law unless it has been mailed by registered or certified mail as herein provided, and it shall not be sufficient to send the application by any other type of mail unless it is delivered before the deadline.

Lawrence did not file with the county chairman before 6 p. m. on the first Monday in February (February 2) preceding the primary. Instead, he mailed his application to the county chairman at 5:54 p. m. on Monday, February 2, 1976, the day of the filing deadline, and it was received on the morning of February 3, 1976. It has been held that if a candidate fails to comply with the mandatory deadline provisions as prescribed by Article 13.12 of the Texas Election Code, his name may not lawfully appear on the Democratic primary election ballot. *Burroughs v. Lyles*, 142 Tex. 704, 181 S.W.2d 570 (1944). See also *Parchman v.*

*Rodriguez*, 458 S.W.2d 239 (Tex.Civ.App. 1970, no writ); *Gonzales v. Knight*, 458 S.W.2d 529 (Tex.Civ.App.1970, no writ).

■ Respondent Oaks accepted and certified Lawrence's application because of an interpretation that Sections 2 and 2b of the Texas Election Code are subject to the general computation of time periods set forth in Sec. 2.04 of Article 5429b–2, known as the Texas Code Construction Act.[1] Sec. 2.04 provides that when the last day of a computed period for commission of an act falls on a Saturday, Sunday or legal holiday, the period is extended to include the next day which is neither a Saturday, Sunday, nor a legal holiday.[2] The Respondents' interpretation finds support in a divided opinion of the Tyler Court of Civil Appeals in *Palmer v. Guest*[3], 533 S.W.2d 484. In that case the court of civil appeals issued a writ of mandamus directing Calvin Guest, Chairman of the Executive Committee of the State Democratic Party, to certify the name of Ed I. Palmer, II, for a place on the Democratic Primary ballot as a candidate for the office of District Attorney, Eighth Judicial District of Texas, an office filled by the choice of the voters of more than one county. Chairman Guest had refused the application because it was sent to him by certified mail which was not postmarked on or before February 1, 1976, the day before the filing deadline, as required by the above quoted Sec. 2b of Article 13.12 of the Texas Election Code.

■ We disagree with the opinion in *Palmer v. Guest, supra,* and with the action of Respondent Oaks. We hold that Article 13.12 specifically sets a deadline for candidates to file for places on the primary election ballots, and that the deadline for filing in person or by mail is not extended by the

general provisions of Article 5429b–2. The relevant portions, effective in 1967, are as follows:

### Art. 5429b–2. Code Construction Act

#### Purpose

Sec. 1.01. This Act provides rules to aid in the construction of codes (and amendments to them) enacted pursuant to the state's continuing statutory revision program. The rules set out in this Act are not intended to be exclusive but are meant to describe and clarify common situations in order to guide the preparation and construction of the codes.

#### Applicability

Sec. 1.02. This Act applies to

(1) each code enacted by the 60th or a subsequent Legislature as part of the state's continuing statutory revision program;

(2) each amendment, repeal, revision, and reenactment of a code, or provision thereof, which amendment, repeal, revision, or reenactment is enacted by the 60th or a subsequent Legislature;

. . . . .

\* \* \* \* \* \*

#### Computation of Time

Sec. 2.04. (a) In computing a period of days, the first day is excluded and the last day is included.

(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday.

. . . . .

\* \* \* \* \* \*

*Nunn v. New*, 148 Tex. 443, 226 S.W.2d 116 (1950).

---

1. References are to Vernon's Texas Annotated Civil Statutes unless otherwise noted.

2. See similar provisions for computation of time under Rule 4 of the Texas Rules of Civil Procedure. Rule 4 is not applicable here, since it governs only computation of time in connection with civil court actions.

3. The opinion, dated March 1, 1976, is not published at the time of this writing.

By its own terms, the general Code Construction Act is intended only as an aid or guide in the construction of legislative codes enacted by the 60th Legislature and subsequent code or statutory revisions, amendments, etc. Sec. 1.01 states that the rules set out in the Act "are not intended to be exclusive . . . ." Sec. 3.06 provides that a special or local provision prevails as an exception to the general provision, when the two are irreconcilable, unless the general provision is the later enactment and the manifest intent is that the general provision prevail. Although the general aid and guidance of the Code Construction Act of 1967 is applicable to subsequently enacted legislation, it is not designed and should not be construed to engraft substantive provisions onto subsequently enacted legislation when the language, meaning, and interpretation of such legislation are, standing alone, indisputably clear. Thus, the Code Construction Act provides, not rules of substantive law which become part of subsequently enacted legislation, but principles of construction that are necessarily subordinate to the plain intent of the Legislature as manifested in the clear language of statutes like Sections 2 and 2b of Article 13.12.

Article 13.12 of the Texas Election Code, providing a definite deadline for filing or mailing candidates' applications for places on the ballot, is a good example of the type of specific legislation which is indisputably clear and not affected by Sec. 2.04 of the Code Construction Act. Sec. 2.04 is a general rule relating solely to computation of time in enactments which require that an act be done within a certain number of days to be counted from a determinable starting point, and which do not specifically set a final date or deadline contrary to Sec. 2.04.

Section 2 of Article 13.12 plainly and clearly establishes a deadline for filing, which in the present instance was not later than 6 p. m. on Monday, February 2, 1976. Sec. 2b plainly and clearly establishes, as an exception, a deadline for filing by registered or certified mail as "not later than the day before the filing deadline, as shown by the postmark," which was February 1, 1976. Neither the timeliness of filing in person or by mail was dependent upon "computing a period of days." Thus Section 2.04 of the Code Construction Act is altogether irrelevant and inapplicable.

Section 2b of Article 13.12 is a later enactment than the Code Construction Act of 1967. Section 2b, as it now exists, resulted from an amendment of Article 13.12 enacted by the 61st Legislature in 1969.[4] Previously, as part of Sec. 2, an application was timely filed if mailed to the party chairman by registered or certified mail "before the filing deadline" (i. e., before midnight on the day of the filing deadline). If the language of the statute had not been changed, the Lawrence application mailed at 5:54 p. m. on Monday, February 2, would have been timely. Cf. *Roy v. Drake*, 292 S.W.2d 848 (Tex.Civ.App.1956, no writ). The change in the 1969 amendment requiring applications by mail to be postmarked "not later than the day before the filing deadline" was an unambiguous substantive change. It would be nullified if Sec. 2.04 of Article 5429b–2 is held to be applicable. Obviously, the Legislature knew that Sunday would be the last date for mailing before the Monday deadline, but it nevertheless enacted the amendment in that manner to prevent mailings on the Monday deadline. The decision in *Palmer v. Guest, supra*, extending the filing by mail deadline to Monday, February 2, was based partially on the court's statement that "it would be virtually impossible for a candidate . . . to obtain a postmark on [Sunday] the day before the filing deadline." Relator contends that it is possible in major metropolitan areas of the State, and in other areas, to have certified or registered mail accepted for delivery and canceled with a Sunday postmark. Be that as it may, even if it were "virtually impossible" to so mail an

4. Acts 1969, 61st Leg., p. 2662, ch. 878, § 30, eff. Sept. 1, 1969.

application on a Sunday, the Legislature neither precluded personal delivery to the county chairman on the following Monday nor prevented the exercise of some small degree of foresight in mailing the application earlier than Sunday.

The application of the general computation provisions of the Code Construction Act would produce such incredible and conflicting results that there would be no certainty left as to the filing deadlines under Article 13.12. For instance, under Respondents' interpretation, if any first Monday of February preceding the primary is a legal holiday, then the deadline for filing would be extended to the following Tuesday. Further, since Sunday (the last day for posting applications by mail) always precedes Monday, the construction contended for by Respondents would repeal the Legislature's requirement of mailing "not later than the day before the filing deadline" and extend the mailing deadline to include all of Monday, the day of the filing deadline. The result would be a return to the precise situation which the Legislature sought to abolish by amending the statute in 1969 to substitute "not later than the day before" the filing deadline. Furthermore, under Respondents' contention a prospective candidate who presents his application to the chairman in person at 6:30 p. m. on Monday, the day of the filing deadline, and is rejected for untimeliness, could nevertheless obtain a place on the primary ballot by placing his rejected application in an envelope and mailing it by certified or registered mail to the county chairman postmarked anytime before midnight of the day of the deadline for filing.

The logical consequence of applying the Code Construction Act to effect an extension of the legislatively prescribed deadline for filing by mail would convict the Legislature of a futile and foolish act. *State v. School Trustees of Shelby County*, 150 Tex. 238, 239 S.W.2d 777, 781 (1951). Such a

result is not justified in this case, and we disapprove the opinion of the court of civil appeals in *Palmer v. Guest, supra*.

Because the application of Lawrence was not timely mailed in accordance with Sec. 2b of Article 13.12 of the Texas Election Code, his name cannot lawfully appear on the Democratic Primary election ballot.

Accordingly, the writ of mandamus will issue directing the Respondents, Harris County Democratic Executive Committee and its Chairman, Steven Oaks, to exclude the name of Paul R. Lawrence from the ballot of the 1976 Democratic Primary election as a candidate for State Representative, District 90.

Due to the near approach of proceedings for the May primary, a motion for rehearing will not be entertained, and the writ will issue immediately.

■ Ordinarily the Court encourages that relief of this nature be sought in the appropriate court of civil appeals. Although this application was not made to the court of civil appeals, it was entertained for two reasons: first, it has Statewide application, and secondly, there existed an opinion by a divided court of civil appeals in a different Supreme Judicial District, *Palmer v. Guest, supra*.