CONCRETE, INC., Appellant,

v.

Charlie SPRAYBERRY, Andy Macha
and Raji Chhabra, Appellees.

No. 08–84–00349–CV.

Court of Appeals of Texas,
El Paso.

May 8, 1985.

Ruggero S. Provenghi, Midland, for appellant.

John E. Gunter, Rassman, Gunter & Boldrick, Midland, for appellees.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Concrete, Inc. appeals from an order denying a petition for writ of mandamus and granting relief to Intervenors. We reverse and remand.

Concrete, Inc. obtained a money judgment against G.A. Loney and A & T Development Co., Inc. with a provision for an order of sale. A writ of execution was issued and at a sheriff's sale at 10:00 a.m. on June 5, 1984, Charlie Sprayberry, Andy Macha and Raji Chhabra were each the high bidders on six city lots offered for sale. Each of the three purchasers bid approximately $4,000.00 for the two lots on which he was the high bidder. They tendered payment to the Sheriff. Later in the day, a first lien holder foreclosed on the same property under the terms of a deed of trust.

Concrete, Inc. filed a petition for writ of mandamus when the Sheriff refused to pay to it the sums bid at the sale. The three successful bidders intervened, asking the court to hold the sale void and to order the Sheriff to return to them the sums which they had paid to him following the sale.

At the hearing, the parties stipulated that Concrete, Inc. had a good and valid judgment, that the writ of execution was properly issued pursuant to the judgment, that notice of sale was published on May 16, May 20 and May 27, 1984, and that the sale was conducted at approximately 10:00 a.m. on June 5, 1984. They also stipulated as to the amounts bid and the monies tendered by each bidder for certain described lots. The court denied the petition for writ of mandamus, set aside the sheriff's sale and ordered the monies returned to the three bidders.

By four points of error the Appellant attacks the order of the trial court. The main attack upon the sale in the trial court was that notice was not given as required and therefore the sale was void. Rule 647, Tex.R.Civ.P., provides for notice of the sale of real estate under execution and requires that the notice be published three consecutive weeks preceding the sale. The rule also states:

> The first of said publications shall appear not less than twenty days immediately preceding the day of sale.

The first notice was published on May 16, 1984. Counting May 16 as the first day, the twentieth day was June 4 and the sale was not until the following day. Thus, the first notice was twenty days preceding the day of sale, provided the date of the first notice is counted as day one.

The Intervenors contend that any computation of time periods must be done in accordance with Rule 4, Tex.R.Civ.P., which provides:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

Thus, it is argued that the day of the first notice is not to be included in counting the twenty days prior to the sale. If May 16 is not counted, then notice was not given twenty days prior to the day of sale.

The Appellant relies upon a footnote in *Thiel v. Harris County Democratic Executive Committee*, 534 S.W.2d 891 (Tex. 1976) which states that Rule 4 governs only computation of time in connection with civil court actions. Here, it says, we are only concerned with a sale of real estate by a sheriff and not a time limitation in a court action. The Intervenors would limit the effect of the *Thiel* case to cases involving the Election Code.

In *Hutson v. Sadler*, 501 S.W.2d 728 (Tex.Civ.App.—Tyler 1973, no writ), the court considered the question of whether there was a timely posting of notice of sale under a deed of trust as required by Article 3810, Tex.Rev.Civ.Stat. The court said it believed the same construction should be given to Article 3810 as would be given to notice requirements under Rule 647. It concluded that a notice of sale posted on October 13 was twenty-one days prior to a sale on November 3. The court said:

The deed of trust provision that notices should be posted "for 21 days in accordance with the Laws of Texas regulating sales of real estate under deeds of trust" calls for a construction of the applicable language of Art. 3810, set out above. The statute provides that notice shall be given "for three consecutive weeks *prior* to the day of sale * *." The word *prior* is defined as meaning before; earlier in time or order; preceding; the former; earlier. Webster's Seventh New Collegiate Dictionary, G. & C. Merriam Co.; Black's Law Dictionary, Rev. Fourth Ed. It seems that a strict construction of the language of the statute leads to the conclusion that notice must be posted for three consecutive weeks exclusive of the day of sale. Therefore, if the day of posting is counted, the notices would have been posted for three weeks or 21 days prior to the day of sale. (Emphasis added.) We find no Texas authority which prohibits including the day of posting when the day of sale is excluded in computing time for a deed of trust sale. We hold, therefore, that the posting of notices on October 13th for a deed of trust sale on November 3rd was in compliance with both the deed of trust language and the statute.

We followed that holding in *Hausmann v. Texas Savings & Loan Association*, 585 S.W.2d 796 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.) and counted the date of mailing in determining if notice had been timely mailed *prior* to a foreclosure under a deed of trust. *Also see:* Wallenstein, Property, 29 Sw.L.J. 29 at 47 (1975) and Heath, New Developments in Real Estate Financing, 12 St. Mary's L.J. 811 at 832 (1981).

We conclude that the notice was *proper* and the sale was valid. We sustain Appellant's Points of Error Nos. Two and Four. The order of the trial court which set aside the sheriff's sale is reversed and the sheriff's sale is held to have been a valid sale.

Next, we face the issue as to the disposition which should be required of the proceeds from the sheriff's sale. The Appellees contend in a single counterpoint that

the entire appeal should be dismissed because the Sheriff of Midland County is the real party in interest and no appeal was taken from the order of the trial court directing the Sheriff to pay the proceeds to these Appellees, who were the Intervenors in the trial court. They make this contention because the cost bond and the supersedeas bond are both made payable to these three Appellees and not to the Sheriff of Midland County. It has been suggested during oral argument that the proceeds have in fact been paid to these Appellees although that is not reflected in the record before us.

We remand to the trial court for a determination as to whether the proceeds of the sale are still held by the Sheriff of Midland County, and if so, for the entry of an order directing payment, as may be required, to pay the prior judgment of the Appellant. If the Sheriff, acting upon the prior judgment, paid the proceeds to the Appellees when no appeal had been taken as to him, then the issue of the mandamus is moot and no further order for payment would be appropriate and the Appellant may not complain because the Sheriff acted upon a valid order which had not been appealed as to him.

The judgment of the trial court is reversed, the sheriff's sale is held to have been a valid sale and the case is remanded for further proceedings in accordance with this opinion.