# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00547-CV

**Gary Milner d/b/a Gary's Industrial Machine and Fabrication Company, Appellant**

**v.**

**Balcke-Durr, Inc. and Lumbermens Mutual Casualty Company, Appellees**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
### NO. 02-1492, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal concerns whether appellant Gary Milner d/b/a Gary's Industrial Machine and Fabrication Company properly perfected his mechanic's and materialman's lien, thereby precluding his claim against the indemnity bond. Concluding that the lien was not perfected, the district court granted summary judgment in favor of appellees Balcke-Durr, Inc. and Indiana Lumbermens Mutual Casualty Company. We affirm.

## BACKGROUND

The underlying facts are not in dispute, and the parties agree that this appeal presents questions of law. American National Power, Inc., entered into a contract with Balcke-Durr to act as general contractor on the construction of a power plant in Hays County. Balcke-Durr, in turn,

entered into a subcontract with Air Condensor Construction, Inc. ("AC Construction"). AC Construction then contracted with Milner to supply fabricated steel. Milner alleges that he furnished materials and labor under his contract with AC Construction but that it became insolvent and never paid him the amount he claims is due, $23,511.28.

Subsequently, Milner attempted to secure payment by perfecting a mechanic's and materialman's lien on American National's property. *See generally* Tex. Prop. Code Ann. §§ 53.001-.260 (West 1995 & Supp. 2005). He filed an "Affidavit Claiming Lien" with the County Clerk of Hays County. *See id.* § 53.051 (West 1995), § 53.052 (West Supp. 2005). Balcke-Durr filed a bond to indemnify against the lien. *See id*. §§ 53.171-.175 (West Supp. 2005). Lumbermens is the surety on the bond.

Milner filed suit asserting claims against AC Construction for breach of contract, Balcke-Durr and Lumbermens for payment on the bond, and, in the event the bond was ineffective or invalid, against American National to foreclose his lien on American National's property. Under each theory, Milner sought $23,511.28 in damages, plus attorney's fees. Milner sought summary judgment on his claims against Balcke-Durr, Lumbermen's, and American National. All three defendants filed responses to Milner's summary judgment motion.

Balcke-Durr and Lumbermens also filed a cross-motion for summary judgment contending that Milner had failed to properly perfect his mechanic's and materialman's lien. Specifically, the cross-movants argued that (1) Milner's affidavit was not properly sworn to and sealed; (2) the affidavit was not timely filed; (3) the affidavit failed to reference the months in which

work was performed; and (4) the underlying notices were insufficient to perfect Milner's claim. *See id*. §§ 53.021 (West Supp. 2005), .052, .054 (West Supp. 2005), .056 (West Supp. 2005).

Without stating the grounds upon which it relied, the district court granted the cross-movants' motion and denied Milner's. Milner subsequently nonsuited his claims against AC Construction and American National, making the summary judgment order final and appealable. This appeal followed.

## DISCUSSION

Milner brings two issues on appeal complaining, respectively, that the district court erred by granting summary judgment in favor of Balke-Durr and Lumbermens and by denying his motion.

### Standard of review

We review the district court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 291 n.4 (Tex. 2004) (citing *Knott*, 128 S.W.3d at 215-16).

When, as here, both parties move for summary judgment and the district court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment the district court should have rendered. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004). Because the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm the summary judgment if any of the grounds presented to the trial court are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000).

**Application**

We first review the statutory standards governing perfection of mechanic's and materialman's liens. The property code secures payment for certain individuals who provide labor or materials in construction projects on real property by imposing a lien on the property. Tex. Prop. Code Ann. §§ 53.021(a), .022 (West 1995), § 53.023 (West Supp. 2005). To perfect a mechanic's and materialman's lien on non-residential[1] property after the indebtedness has accrued, a claimant must timely file an affidavit claiming the lien and timely provide notice of filing by sending a copy of the affidavit via certified or registered mail to specified parties. *See id*. §§ 53.051, .052, .055 (West Supp. 2005), § 53.056.

A subcontractor who supplies materials for a construction project is entitled to a lien on the property where the materials are used. *Id*. §§ 53.021, .022. Because a subcontractor is a

---

[1] Subchapter K, which is inapplicable here, contains additional requirements for perfection of liens in construction projects on residential property. Tex. Prop. Code Ann. §§ 53.251-.260 (West Supp. 2005).

derivative claimant and, unlike a general contractor, has no constitutional, common law, or contractual lien on the property of the owner, a subcontractor's lien rights depend on its substantial compliance with the statutes authorizing the lien. *First Nat'l Bank v. Sledge*, 653 S.W.2d 283, 285 (Tex. 1983); *Raymond v. Rahme*, 78 S.W.3d 552, 559-60 (Tex. App.—Austin 2002, no pet.). Among other things, a subcontractor must timely file an affidavit that complies with the requirements of section 53.054 of the property code. Tex. Prop. Code Ann. § 53.054. Section 53.054(a) states that the lien affidavit must contain "a sworn statement of the amount of the claim" and "a general statement of the kind of work done and materials furnished by the claimant and, for a claimant other than an original contractor, a statement of each month in which the work was done and materials furnished for which payment is requested." *Id*. § 53.054(a)(1), (3).

Milner challenges two of the summary judgment grounds on which the district court could have relied. He first argues that his affidavit complied with statutory requirements that it be sworn and certified. *See id*. § 53.054(a)(1); *see also* Tex. Gov't Code Ann. § 312.011(1) (West 2005) (defining "affidavit"). Second, Milner urges that he timely filed his affidavit. It is undisputed that Milner filed his affidavit on Monday, April 16, 2001, the first working day following April 15, 2001, the specified due date under section 53.052(a). *See* Tex. Prop. Code Ann. § 53.052(a). Citing the code construction act, Milner contends that, because April 15 was a Sunday—in his case, Easter Sunday—his due date shifted to the following Monday. *See* Tex. Gov't Code Ann. § 311.014 (West 2005) ("If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday or legal holiday.").

5

Appellees respond that because section 53.052 of the property code required Milner to file his affidavit not after a period of days, but on a specific day—"not later than the 15th day of the fourth calendar month after the day on which the indebtedness accrues"—that deadline controlled. *See Thiel v. Harris County Democratic Executive Comm.*, 534 S.W.2d 891, 894 (Tex. 1976) (holding that code construction act provision applied "solely to computation of time in enactments which require that an act be done within a certain number of days to be counted from a determinable starting point, and which do not specifically set a final date or deadline contrary to" the provision); *see also* Tex. Prop. Code Ann. § 53.052(a).

We need not address either issue, however, because Milner does not challenge on appeal another ground on which the district court could have relied when granting summary judgment: the affidavit did not reference the months in which work was performed. *See* Tex. Prop. Code. Ann. § 53.054(a)(3). Section 53.054(a)(3) specifies that the lien affidavit must contain "a general statement of the kind of work done and materials furnished by the claimant and, for a claimant other than an original contractor, a statement of each month in which the work was done and materials furnished for which payment is requested." *Id.* Milner's "Affidavit Claiming Lien" does not comply with section 53.054(a)(3) of the property code. *See id.* Because compliance with section 53.054(a)(3) was essential to perfection of his statutory lien and to his claim against the indemnity bond, summary judgment may stand on that ground alone. *See Voice of the Cornerstone Church Corp. v. Pizza Prop. Partners*, 160 S.W.3d 657, 671 (Tex. App.—Austin 2005, no pet.) (affirming summary judgment against appellant who did not "successfully attack every possible

6

ground upon which the district court could have based its summary judgment"). We overrule Milner's issues.

## CONCLUSION

We affirm the district court's grant of summary judgment in favor of Balcke-Durr and Lumbermens.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   August 4, 2006