

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

June 20, 2016

Mr. Mike Morath
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. KP-0096

Re: Application of section 39.112 of the Education Code to a board of managers in specific circumstances (RQ-0085-KP)

Dear Commissioner Morath:

Your predecessor asked several questions about the application of section 39.112 of the Education Code to a board of managers in specific circumstances.[1] Section 39.102 authorizes the Commissioner of Education (the "Commissioner") to appoint a board of managers to exercise the powers and duties of an independent school district board of trustees in certain circumstances. TEX. EDUC. CODE § 39.102(a)(9). On July 14, 2014, the Commissioner announced the appointment of a board of managers for the Beaumont Independent School District ("Beaumont ISD") to, among other things, oversee "the district's efforts to address and correct identified deficiencies," replacing the district's board of trustees.[2] At the time of the appointment of the board of managers, section 39.112(e) provided:

> (e) At the direction of the commissioner but *not later than the second anniversary of the date the board of managers of a district was appointed, the board of managers shall order an election* of members of the district board of trustees. The election must be held on a uniform election date on which an election of district trustees may be held under Section 41.001, Election Code, that is at least 180 days after the date the election was ordered. On qualification of members for office, the board

---

[1]*See* Letter from Mr. Michael Williams, Comm'r of Educ., Tex. Educ. Agency, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Dec. 21, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter"); Letter from Mr. Mike Morath, Comm'r of Educ., Tex. Educ. Agency, to Virginia K. Hoelscher, Chair, Op. Comm. at 1 (Jan. 8, 2016) (confirming predecessor's request) (on file with the Op. Comm.).

[2]TEX. EDUC. AGENCY, NEWS (July 14, 2014), http://tea.texas.gov/news_release.aspx?id=25769814291.

> of trustees assumes all of the powers and duties assigned to a
> board of trustees by law, rule, or regulation.[3]

Subsection (e) was amended by two bills during the 2015 session of the Legislature. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 1046, § 14, 2015 Tex. Gen. Laws 3649, 3661 ("House Bill 1842"); Act of May 31, 2015, 84th Leg., R.S., ch. 1104, § 1, 2015 Tex. Gen. Laws 3774, 3774 ("House Bill 3106"). Although your predecessor asked several questions, the request seeks resolution of two overriding issues. Request Letter at 1–2. The first issue is whether House Bill 3106 and House Bill 1842 can be harmonized and both be given effect. *Id.* The second issue is whether the already-appointed board of managers of the Beaumont ISD is governed by the terms of section 39.112 as they appear in House Bill 3106, in House Bill 1842, or in the statute as it provided before the effective date of the new bills. *Id.*

In connection with these issues, your predecessor asked whether the Code Construction Act, which provides guidance in the construction of legislative codes, revisions, and amendments, applies to title 2 of the Education Code, which contains section 39.112. *Id.* at 1, 3–4; Tex. Gov't Code §§ 311.001–.035 (the Code Construction Act); *Thiel v. Harris Cty. Democratic Exec. Comm.*, 534 S.W.2d 891, 894 (Tex. 1976) (describing purpose of the Code Construction Act). The Code Construction Act applies to "each code enacted by the 60th or a subsequent legislature as part of the state's continuing statutory revision program [and] each amendment, repeal, revision, and reenactment of a code or code provision by the 60th or a subsequent legislature[.]" Tex. Gov't Code § 311.002(1)–(2). The Sixty-first Legislature enacted the first Education Code, consisting of titles 1 and 2. *See* Act of June 2, 1969, 61st Leg., R.S., ch. 889, 1969 Tex. Gen. Laws 2735, 2735–3027. The Seventy-fourth Legislature reenacted and revised titles 1 and 2 of the Education Code. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2207–2505.

Your predecessor noted that a publication prepared by the Texas Legislative Council indicates that titles 1 and 2 were enacted as part of a special Governor's Committee on Public School Education and were "'not directly connected with the Council's revision program.'" Request Letter at 3 (quoting Tex. Leg. Council, *Revisor's Report: Proposed Title 3 of the Education Code* at i n.2 ("Revisor's Report")).[4] The Code Construction Act applies only to codes enacted or reenacted as part of the continuing statutory revision program. *See Knight v. Int'l Harvester Credit Corp.*, 627 S.W.2d 382, 385 (Tex. 1982); *Robbins Chevrolet Co. v. Motor Vehicle Bd.*, 989 S.W.2d 865, 867–68 (Tex. App.—Austin 1999, pet. denied). In the document

---

[3]Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, sec. 39.131, 1995 Tex. Gen. Laws 2207, 2380, *amended by* Act of May 22, 2001, 77th Leg., R.S., ch. 834, § 14, sec. 39.131(f), 1999 Tex. Gen. Laws 1651, 1666, *renumbered and amended by* Act of May 30, 2003, 78th Leg., R.S., ch. 342, § 5, sec. 39.136(e), 2003 Tex. Gen. Laws 1494, 1498, *renumbered by* Act of May 31, 2009, 81st Leg., R.S., ch. 895, § 59, sec. 39.112(e), 2009 Tex. Gen. Laws 2357, 2401 (amended 2015) (emphasis added) (current version at Tex. Educ. Code § 39.112).

[4]*Available at* http://www.lrl.state.tx.us/scanned/statutoryRevision/RevisorsReports/Education/Education%20Code.pdf.

referenced, however, the Texas Legislative Council identified the Education Code as part of the statutory revision program. Revisor's Report at i–ii & n.5.[5] Furthermore, courts have routinely applied provisions of the Code Construction Act to construe statutes in title 2 of the Education Code. *See, e.g., Matthews v. Scott*, 268 S.W.3d 162, 174 (Tex. App.—Corpus Christi 2008, no pet.) (construing statutes in chapter 39 of the Education Code); *Tarkington Indep. Sch. Dist. v. Ellis*, 200 S.W.3d 794, 799 (Tex. App.—Beaumont 2006, no pet.) (construing sections 31.001 and 31.007); *Nelson v. Weatherwax*, 59 S.W.3d 340, 348 (Tex. App.—Fort Worth 2001, pet. denied) (construing section 21.409). Accordingly, as a general proposition, the Code Construction Act, chapter 311 of the Government Code, applies to title 2 of the Education Code, although the specific effect of the application will depend on the particular statutes involved.

Your predecessor asked about the application of section 311.025 of the Code Construction Act to section 39.112(e) of the Education Code. Request Letter at 2, 4–5. Section 311.025 provides that "if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each." TEX. GOV'T CODE § 311.025(b). House Bill 1842 makes several additions (indicated by italics) and deletions (indicated by strikeouts) to subsection 39.112(e) of the Education Code:

> *(e) A board of managers shall, during the period of the appointment, order the election of members of the board of trustees of the district in accordance with applicable provisions of law. Except as provided by this subsection, the members of the board of trustees do not assume any powers or duties after the election until the appointment of the board of managers expires. Not* [At the direction of the commissioner but not] *later than the second anniversary of the date the board of managers of a district was appointed, the commissioner shall notify the* board of managers *and the board of trustees of the date on which the appointment of the board of managers will expire* [shall order an election of members of the district board of trustees. The election must be held on a uniform election date on which an election of district trustees may be held under Section 41.001, Election Code, that is at least 180 days after the date the election was ordered]. *Following each of the last three years of the period of the appointment, one-third of the members of the board of managers shall be replaced by the number of members of the school district board of trustees who were elected at an election ordered*

---

[5]*See also* TEX. EDUC. CODE vol. 1 at III, (Preface, "This Code constitutes another unit of the Texas Legislative Council's statutory revision program authorized by V.T.C.A, Government Code § 323.007."); Tex. Att'y Gen. Op. No. M-1129 (1972) at 5 ("The Texas Code Construction Act, effective since September 1, 1967, was enacted to provide rules to aid in the construction of codes enacted pursuant to the state's continuing statutory revision program and applies to all codes enacted by the 60th or a subsequent Legislature. The Texas Education Code is one of these Codes.").

> *under this subsection that constitutes, as closely as possible, one-third of the membership of the board of trustees.* On *the expiration of the appointment of the board of managers* [qualification of members for office], the board of trustees assumes all of the powers and duties assigned to a board of trustees by law, rule, or regulation.

House Bill 1842, 84th Leg., ch. 1046, § 14, at 3661.

House Bill 3106 adds a new subsection (f) to section 39.112 of the Education Code to permit the Commissioner to "extend the authority of a board of managers for a period of up to two additional years." House Bill 3106, 84th Leg., ch. 1104, § 1, at 3774. House Bill 3106's only amendment to subsection 39.112(e) of the Education Code is the addition of the phrase, "Except as otherwise provided by Subsection (f)." *See id.* Following the added phrase, the bill reenacts the text of the prior law. *Id.* However, subsection 311.025 explains that in determining whether two amendments to the same statute are irreconcilable,

> text that is reenacted because of the requirement of Article III, Section 36, of the Texas Constitution is not considered to be irreconcilable with additions or omissions in the same text made by another amendment. *Unless clearly indicated to the contrary*, an amendment that reenacts text in compliance with that constitutional requirement does not indicate legislative intent that the reenacted text prevail over changes in the same text made by another amendment, regardless of the relative dates of enactment.

TEX. GOV'T CODE § 311.025(c) (emphasis added). House Bill 3106 gives no indication that its reenacted language should prevail over changes made to the statute in other acts such as House Bill 1842. The two acts may be reconciled, as required by the Code Construction Act, by giving effect to House Bill 1842's changes to section 39.112(e) and to the exception created by House Bill 3106 for subsection 39.112(f). *See* Tex. Att'y Gen. Op. Nos. GA-0060 (2003) at 3 (explaining the constitutional requirement that amended statutes be reenacted and published at length in order to avoid confusion); DM-304 (1994) at 4 (harmonizing two amendments by "disregard[ing] a re-enactment of language in one act . . ., where the re-enactment conflicts with a change in language in another act").

Thus, after reconciling the two bills, subsection 39.112(e) of the Education Code is primarily comprised of the language of House Bill 1842. *See* House Bill 1842, 84th Leg., ch. 1046, § 14 at 3661. Now subsection (e) provides that, within two years of the appointment of a board of managers, the Commissioner is to provide notice of the date when the appointment of the board of managers expires. *See id.* Such date of expiration must accommodate the transitional replacement of managers with trustees during the last three years of the period of the managers' appointment, but the statute does not otherwise limit the date that the Commissioner may provide for the expiration of the board of managers' appointment. *See id.* Notwithstanding amended subsection (e), new subsection (f) authorizes the Commissioner, within two years of the appointment of a board of managers, to extend the authority of the board of managers for up to

two years. TEX. EDUC. CODE § 39.112(f); House Bill 3106, 84th Leg., ch. 1104, § 1 at 3774. Because subsection (f) is an exception to subsection (e), subsection (f) effectively authorizes the Commissioner to defer initiating the procedures required in subsection (e) for up to two additional years. *See* TEX. EDUC. CODE § 39.112(e), (f); House Bill 1842, 84th Leg., ch. 1046, § 14 at 3661; House Bill 3106, 84th Leg., ch. 1104, § 1 at 3774.

Your predecessor's overriding concern is whether the Beaumont ISD board of managers, which was in place on June 19, 2015, the effective date of both House Bill 1842 and House Bill 3106, is governed by section 39.112(e) as it read prior to the effective date because of the general savings provisions in section 311.031 of the Code Construction Act. Request Letter at 3–4; TEX. GOV'T CODE § 311.031. Section 311.031 provides in pertinent part that the "reenactment, revision, amendment, or repeal of a statute does not affect . . . the prior operation of the statute or any prior action taken under it" or "any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred under it." TEX. GOV'T CODE § 311.031(a)(1)–(2). Subsection 39.112(e) of the Education Code as it read before June 19, 2015, did not set a term of office but obligated a board of managers to serve until succeeded by a board of trustees and to call an election no later than the two-year anniversary of the board of managers' appointment. The general savings provision of the Code Construction Act is presumed to apply unless a contrary intent is shown by clear expression or necessary implication. *Quick v. City of Austin*, 7 S.W.3d 109, 130 (Tex. 1998).[6] But with respect to the Beaumont ISD board of managers, we have not been informed of "any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred under [the prior section 39.112]."[7] *See* TEX. EDUC. CODE § 39.112; TEX. GOV'T CODE § 311.031(a)(1)–(2). Provided that is the case, the period of appointment of the Beaumont ISD board of managers is governed by section 39.112(e) as amended by House Bills 1842 and 3106, as discussed above.[8]

---

[6]In *Quick*, the statute that was "saved" was one that expressly locked-in the ordinances that would apply to future applications. *Quick*, 7 S.W.3d at 130–32. Section 39.112 of the Education Code does not contain a comparable lock-in provision.

[7]We have been informed that the Beaumont ISD board of managers did not call for an election of trustees prior to June 19, 2015, the effective date of House Bills 1842 and 3106. Telephone conference with Von Byer, Gen. Counsel, Tex. Educ. Agency (Mar. 9, 2016).

[8]You note that the situation of the Beaumont ISD board of managers was discussed in a Senate committee hearing on House Bill 3106. Request Letter at 4. You ask whether this discussion evidences an intent that the pre-amendment replacement scheme continue to apply to Beaumont ISD, overriding the savings provisions of section 311.031 of the Government Code. *Id.* But the Texas Supreme Court instructs that "[s]tatements made during the legislative process by individual legislators or even a unanimous legislative chamber are not evidence of the collective intent of the majorities of both legislative chambers that enacted a statute." *Zachry Constr. Corp. v. Port of Houston Auth.*, 449 S.W.3d 98, 113 (Tex. 2014). Thus, even if it were possible to discern the intent of individual legislators at the hearing on House Bill 3106, that would not establish the intent of the Legislature as a whole, which "is derived from the language it finally enacted." *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 453 (Tex. 2012).

## S U M M A R Y

Subsection 39.112(e) of the Education Code, as amended by House Bill 1842 of the Eighty-fourth Legislature, governs the period of appointment of a board of managers, except that a board of managers' authority may be extended under subsection (f).

Subsection 39.112(e) of the Education Code, as amended by House Bill 1842, governs the period of appointment of the board of managers of the Beaumont Independent School District.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee