**UNITED STATES FIDELITY AND GUAR-ANTY COMPANY, Appellant,**

v.

**PARKER BROTHERS & CO., Inc., Appellee.**

No. 15422.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Feb. 6, 1969.

Rehearing Denied March 6, 1969.

Fulbright, Crooker, Freeman, Bates & Jaworski, Tom Connally, Sandra Foster, Houston, for appellant.

Patrick Oxford, Houston, Bracewell & Patterson, Houston, of counsel, for appellee.

PEDEN, Justice.

This is an appeal from the granting of a summary judgment in favor of a supplier of materials to a public work project against the surety for the prime contractor on a payment bond issued pursuant to the McGregor Act, Article 5160, Vernon's Annotated Texas Civil Statutes. A default judgment had earlier been obtained by the supplier against the prime contractor.

Appellant's only point of error is that the trial court erred in granting appellee's motion for summary judgment because the stipulated facts showed that appellee did not furnish to appellant a sworn statement of account as required by Art. 5160, V.A.C.S.

It has been stipulated that although appellant timely received copies of appellee's notice of claim and statement of account, the latter was not sworn to.

The originals of the notice of claim and of the statement of account were both verified and were timely sent by the claimant, Parker Bros., to the prime contractor. The copies sent to its surety (appellant) purport to be carbon copies of such originals, but on the surety's copies the spaces provided for signatures of appellee's representative and of a notary public were left blank.

The parties stipulated that appellee furnished building materials to the prime con-

tractor and that after all lawful offsets and credits have been allowed, the amount in controversy as between the parties to this suit is $3,995.74.

Under the facts of this case the relevant parts of Art. 5160 are:

"B. Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in which a Payment Bond is furnished as required hereinabove, and who has not been paid in full therefor, shall have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety or sureties on the Payment Bond jointly or severally for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit; provided:

"(a) Notices Required for Unpaid Bills, other than notices solely for Retainages as hereinafter described.

"Such claimant shall have given within ninety (90) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which such claim is made, written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties. Such notices shall be accompanied by a sworn statement of account stating in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the affiant have been allowed."

Both sides filed motions for summary judgment, and the case was submitted to the trial court on a detailed stipulation of the facts.

The position of United States Fidelity and Guaranty Company is that the notice provisions of the statute are specific and require that the notices received by the surety on the payment bond be accompanied by a sworn statement of account.

Appellee's position is that the statutory requirement that "such notices shall be accompanied by *a* sworn statement of account * * *" (emphasis added) should be construed liberally and should be held to have been met when the notices and a sworn statement of account have been timely given to the prime contractor and copies of such instruments timely given to such contractor's surety even though the copy of the statement of account given to the surety does not show that it was sworn to.

Art. 5160 was substantially amended by the legislature in 1959, at which time the provisions with which we are here concerned were written into it. That such amendment was remedial in nature was made clear by its emergency clause, which stated in part "the fact that the provisions of this Act are necessary to provide simple direct methods of giving notice and perfecting claims of laborers, materialmen, and subcontractors of all classes create an emergency and an imperative public necessity * * *" that the Constitutional Rule be suspended and that this Act take effect from and after its passage.

An enactment of a remedial or curative nature is regarded as wholesome, and will be accorded the most comprehensive and liberal construction of which it is susceptible, with a view to accomplishing the legislative purpose. 53 Tex.Jur.2d 303, Statutes, § 197, citing cases; United Benefit Fire Insurance Co. v. Metropolitan Plumbing Co., 363 S.W.2d 843 (Tex.Civ. App., El Paso, 1962, no writ).

"The fundamental rule controlling the construction of a statute is to ascertain the intention of the Legislature expressed therein. That intention should be ascertained from the entire act, and not from isolated portions thereof. * * * the

**882**

aim and object of construction is to ascertain and enforce the legislative intent, and not to defeat, nullify or thwart it.

" * * *

" 'Whenever the legislative purpose is ascertained, the significance of words used may be restricted or enlarged in order to effectuate that purpose and to give the act the meaning which the lawmakers manifestly intended.'

" * * *

"If a statute is curative or remedial in its nature, the rule is generally applied that it be given the most comprehensive and liberal construction possible. It certainly should not be given a narrow, technical construction which would defeat the very purpose for which the statute was enacted." City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W. 2d 273 (1951).

Under a strict interpretation of the statute it would be necessary for a claimant to furnish a sworn statement of account (with the notices of the claim) to the surety or sureties as well as to the prime contractor. Appellee points out that the last sentence we have quoted from the statute does not state that *each* of such notices shall be accompanied by a sworn statement of account. Also, that the statute should not be narrowly construed to require that each copy of the sworn statement be sworn to individually.

A substantial compliance with the notice requirements of Art. 5160 was held to be sufficient in Yates v. Industrial Steel Products Co., 399 S.W.2d 892 (Tex.Civ.App., Texarkana, 1965, no writ).

In following the rule stated in the *Mason* case, supra, which requires us to give this remedial statute the most comprehensive and liberal construction possible, we conclude that the appellee has substantially complied with the notice requirements of the statute and that this is sufficient.

The judgment of the Trial Court is affirmed.