**SURETEC INSURANCE COMPANY,**
**Appellant,**

v.

**MYREX INDUSTRIES, Appellees.**

No. 09–06–433 CV.

Court of Appeals of Texas,
Beaumont.

Submitted March 29, 2007.

Decided Aug. 16, 2007.

Gregory M. Cokinos, Robert A. Plessala, Rachel M. Stanford, Diane M. Guariglia, Cokinos, Bosien & Young, Houston, for appellant.

George M. Kuhn, Jr., Law Office of George M. Kuhn, Jr., Warren W. Harris, Jacalyn A. Hollabaugh, Bracewell & Giuliani LLP, Houston, for appellees.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

SureTec Insurance Company ("Sure-Tec") appeals the trial court's order denying SureTec's cross-motion for summary judgment and granting summary judgment in favor of appellee Myrex Industries ("Myrex") in a suit to recover on a payment bond. *See* TEX. GOV'T CODE ANN. § 2253.073 (Vernon 2000). We reverse and render.

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). When, as here, both parties move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.,* 136 S.W.3d 643, 648 (Tex.2004).

Myrex, a subcontractor, contracted with Proficient Construction Services, Ltd. ("Proficient"), the general contractor for the construction of the Ben Rogers Regional Visitors Information Center in Beaumont, Texas. Myrex agreed to manufacture and deliver specially fabricated "structural, joist and deck and miscellaneous steel" for the project. Myrex contends it performed its obligations under the contract, but that Proficient still owed Myrex money under the contract. Myrex brought a claim against SureTec, as surety on the payment bond, for failure to pay on the bond, and filed a suit on a sworn account and breach of contract action against Proficient. Myrex's notice of claim letter to SureTec was dated May 15, 2005, and mailed on May 16, 2005. Myrex moved for summary judgment against both SureTec and Proficient. SureTec filed a cross-motion for summary judgment against Myrex. The trial court granted Myrex's motion for summary judgment and denied SureTec's cross-motion for summary judgment. The trial court held Proficient and SureTec jointly and severally liable, and awarded Myrex damages.

In its sole issue on appeal, SureTec contends the trial court erred in denying SureTec's motion for summary judgment and granting Myrex's motion for summary

judgment because Myrex failed to provide timely notice of its claim pursuant to Chapter 2253 of the Texas Government Code (the "McGregor Act").

█ The legislature enacted the McGregor Act, which requires contractors to secure a bond to ensure payment, because a subcontractor or supplier may not place a lien against a public building. *See Featherlite Bldg. Prods. Corp. v. Constructors Unlimited, Inc.,* 714 S.W.2d 68, 69 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). The McGregor Act allows for the subcontractor or supplier to sue the contractor and its surety for any unpaid balance for work or materials provided and reasonable attorney fees. *See* TEX. GOV'T CODE § 2253.073. Pursuant to section 2253.041 of the McGregor Act, a subcontractor or supplier must provide the contractor and its surety notice of its claim:

(a) To recover in a suit under Section 2253.073 on a payment bond for a claim for payment for public work labor performed or public work material delivered, a payment bond beneficiary must mail to the prime contractor and the surety written notice of the claim.

(b) The notice must be mailed on or before the 15th day of the third month after each month in which any of the claimed labor was performed or any of the claimed material was delivered.

*Id.* § 2253.041(a),(b) (Vernon 2000).

█ We must decide whether the Code Construction Act applies to section 2253.041(b) of the Texas Government Code. SureTec argues that section 2253.041(b) required Myrex to mail its notice on or before Sunday, May 15, 2005, which was the 15th day of the third month after the month in which the claimed labor was performed or material delivered. Myrex contends section 311.014 of the Code

Construction Act applies and extends section 2253.041's deadline for filing a notice of claim. Section 311.014 provides the following:

## § 311.014. Computation of Time

(a) In computing a period of days, the first day is excluded and the last day is included.

(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday.

(c) If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month.

TEX. GOV'T CODE ANN. § 311.014 (Vernon 2005). Myrex maintains that because May 15, 2005, fell on a Sunday, section 311.014(b) allowed Myrex to mail the notice on Monday, May 16, 2005. SureTec asserts the Code Construction Act does not apply to section 2253.041(b) of the Texas Government Code.

Although no case has addressed the Code Construction Act's applicability to section 2253.041(b), the Texas Supreme Court addressed a similar issue in *Thiel v. Harris County Democratic Executive Comm.,* 534 S.W.2d 891 (Tex.1976). *Thiel* addressed the application of the Code Construction Act to Texas Election Code article 13.12. *See id.* Article 13.12 required that a candidate's application for a place on an official ballot for a general primary be filed with the county chairman "not later than 6 p.m. on the first Monday in February preceding such primary." *Id.* at

892. The statute further provided that "[a]ny application not received by the chairman before the deadline does not comply ... unless it has been mailed by registered or certified mail ... and it shall not be sufficient to send the application by any other type of mail unless it is delivered before the deadline." *Id.* A candidate mailed his application to the county chairman at 5:54 p.m. on Monday, February 2, 1976, the day of the filing deadline, and it was received on the morning of February 3, 1976. *Id.* Thiel sought a writ of mandamus directing the Harris County Democratic Executive Committee and its Chairman to exclude the candidate's name from the ballot for failure to file his application timely. *Id.* The Committee argued the candidate's application was timely because the day before "the first Monday in February preceding [the] primary" was a Sunday, and therefore, the Code Construction Act extended the deadline for filing by mail to the next day. *Id.* at 893. The Court held that article 13.12's deadline for candidates to file for places on the primary election ballots is specific and not extended by the Code Construction Act. *Id.*

Although article 13.12's wording is substantially different than that of section 2253.041(b), the Court's reasoning in *Thiel* applies in the present case. In *Thiel,* the Court explained in what instances the Code Construction Act should be applied to construe statutes:

> By its own terms, the general Code Construction Act is intended only as an aid or guide in the construction of legislative codes enacted by the 60th Legislature and subsequent code or statutory revisions, amendments, etc. Sec. 1.01 states that the rules set out in the Act "are not intended to be exclusive...." Sec. 3.06 provides that a special or local provision prevails as an exception to the general provision, when the two are irreconcilable, unless the general provision is the later enactment and the manifest intent is that the general provision prevail. Although the general aid and guidance of the Code Construction Act of 1967 is applicable to subsequently enacted legislation, it is not designed and should not be construed to engraft substantive provisions onto subsequently enacted legislation when the language, meaning, and interpretation of such legislation are, standing alone, indisputably clear.

*Id.* at 894. The Court then determined that Section 2.04, the Code Construction Act's prior version of section 311.014, "is a general rule relating solely to computation of time in enactments which require that an act be done within a certain number of days to be counted from a determinable starting point, and which do not specifically set a final date or deadline contrary to Section 2.04." *Id.* The Court held that because neither the timeliness of filing in person or by mail depended upon "computing a period of days," Section 2.04 of the Code Construction Act did not apply. *Id.* The Court in *Thiel* also addressed the consequences of applying the general computation provisions of the Code Construction Act to article 13.12:

> The application ... would produce such incredible and conflicting results that there would be no certainty left as to the filing deadlines under Article 13.12. For instance, under Respondents' interpretation, if any first Monday of February preceding the primary is a legal holiday, then the deadline for filing would be extended to the following Tuesday. Further, since Sunday (the last day for posting applications by mail) always precedes Monday, the construction contended for by Respondents would repeal the Legislature's requirement of mailing "not later than the day before the filing deadline" and extend

the mailing deadline to include all of Monday, the day of the filing deadline. The result would be a return to the precise situation which the Legislature sought to abolish by amending the statute in 1969 to substitute "not later than the day before" the filing deadline. Furthermore, under Respondent's contention a prospective candidate who presents his application to the chairman in person at 6:30 p.m. on Monday, the day of the filing deadline, and is rejected for untimeliness, could nevertheless obtain a place on the primary ballot by placing his rejected application in an envelope and mailing it by certified or registered mail to the county chairman postmarked anytime before midnight of the day of the deadline for filing.

The logical consequence of applying the Code Construction Act to effect an extension of the legislatively prescribed deadline for filing by mail would convict the Legislature of a futile and foolish act.

*Id.* at 895 (citation omitted).

Myrex contends the Court's reasoning in *Thiel* does not apply here because the statute at issue is not analogous to the statute in *Thiel.* Myrex argues that because all statutory deadlines can be said to fall on a "date certain," the Code Construction Act would never apply to any statutory deadline. Myrex also asserts that applying the Code Construction Act to extend the deadline in a McGregor Act case, when the deadline randomly falls on a Saturday, Sunday, or holiday, to the following business day does not render the notice provision "foolish or futile," and does not produce the "incredible and conflicting results" that would have resulted in *Thiel. See id.* We disagree.

The notice deadline in section 2253.041 specifically and clearly requires claimants to mail their notice of claim on or before the 15th day of a certain month. *See* Tex. Gov't Code Ann. § 2253.041(b). The deadline will always fall on the 15th of a month. *See id.* This statute, similar to article 13.12, establishes a deadline not requiring "computing a period of days" and does not require that an act be done within a certain number of days to be counted from a determinable starting point. *See Thiel,* 534 S.W.2d at 894. Therefore, section 311.014 of the Code Construction Act is inapplicable.

■ As for Myrex's argument that applying the Code Construction Act would not render the notice provision "foolish or futile," we note that section 2253.041(b)'s prior version required written notice and a sworn statement of account to the contractor and surety within ninety days after the tenth day of the month next following each month in which labor was performed or materials delivered. *See* Tex.Rev.Civ. Stat. Ann. art. 5160, *repealed by* Acts 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 852, 986 (current version at Tex. Gov't Code Ann. § 2253.041). The prior version required an act be done within a certain number of days to be counted from a determinable starting point and would require "computing a period of days." The legislature, however, enacted new legislation requiring the mailing of a notice of claim on or before the 15th of the month. *See* Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1 1993 Tex. Gen. Laws 852. We presume that the legislature, in adopting the amendment, intended to make some change in the existing law, and therefore, we will endeavor to give effect to the amendment. *See Am. Sur. Co. of New York v. Axtell Co.,* 120 Tex. 166, 36 S.W.2d 715, 719 (1931). By applying section 311.014 of the Code Construction Act to section 2253.041, we would be negating the legislature's 1993 amendment

changing the deadline for a notice of claim from a period of days to a date certain.

 We recognize that the McGregor Act is remedial in nature, and therefore, should be "given the most comprehensive and liberal construction possible." *Featherlite*, 714 S.W.2d at 69. We also acknowledge that as to the statement of sworn account required by section 2253.041, some courts have only required substantial compliance. *See, e.g., Ramex Constr. Co. v. Tamcon Servs., Inc.*, 29 S.W.3d 135, 139 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (contents of statement of sworn account sufficient); *Featherlite*, 714 S.W.2d at 69 (The words "due and unpaid" in the sworn statement constitute, in substance, a statement that the amount claimed was "just and correct" as required by the notice requirements of the McGregor Act); *Sims v. William S. Baker, Inc.*, 568 S.W.2d 725, 730 (Tex.Civ.App.-Texarkana 1978, writ ref'd n.r.e.) (notice of claim describing the labor and materials as "sheet metal and duct work for the construction project" substantially complied with prior version of section 2253.041's requirement that the notice of claim must describe the labor and/or materials in such a manner as to reasonably identify them); *U.S. Fidelity & Guar. Co. v. Parker Bros. & Co.*, 437 S.W.2d 880, 881–82 (Tex.Civ.App.-Houston [1st Dist.] 1969, writ ref'd n.r.e.) (notices and a sworn statement of account that had been timely given to contractor along with copies of such instruments to surety substantially complied with prior version of section 2253.041's requirement that the notices of claim be accompanied by a sworn statement of account although the copy of statement of account given to surety did not show it was sworn). However, we need not construe section 2253.041(b), as the legislature has provided a specific and clear deadline, and we find no authority to require only substantial compliance as to the specific notice deadline. We sustain SureTec's sole issue on appeal.

We reverse the trial court's final judgment and render judgment that Myrex take nothing against SureTec.

REVERSED AND RENDERED.