In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-433 CV


____________________



SURETEC INSURANCE COMPANY, Appellant



V.



MYREX INDUSTRIES, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-175,972






MEMORANDUM TO CLERK


 You are directed to make the following corrections in the opinion dated August 16,
2007:

 On page 6, in second line of the second paragraph, change the section number
"311.015" to "311.014." 

 On page 8, in the last line of the second paragraph, change the number "311.015" to
"311.014."

 You will give notice of these corrections of the original opinion by sending a copy of
corrected pages 6 and 8, accompanied by this memorandum, to all interested parties who
received a copy of the original opinion.

 Entered this the 30th day of October, 2007.

 PER CURIAM

In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-433 CV


____________________



SURETEC INSURANCE COMPANY, Appellant



V.



MYREX INDUSTRIES, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-175,972






O P I N I O N



 SureTec Insurance Company ("SureTec") appeals the trial court's order denying
SureTec's cross-motion for summary judgment and granting summary judgment in favor of
appellee Myrex Industries ("Myrex") in a suit to recover on a payment bond. See Tex.
Gov't Code Ann. § 2253.073 (Vernon 2000). We reverse and render.

 We review a summary judgment de novo. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex. 2003). When, as here, both parties move for summary judgment and the trial court
grants one motion and denies the other, we review the summary judgment evidence presented
by both sides, determine all questions presented, and render the judgment the trial court
should have rendered. Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex., 136
S.W.3d 643, 648 (Tex. 2004).

 Myrex, a subcontractor, contracted with Proficient Construction Services, Ltd.
("Proficient"), the general contractor for the construction of the Ben Rogers Regional
Visitors Information Center in Beaumont, Texas. Myrex agreed to manufacture and deliver
specially fabricated "structural, joist and deck and miscellaneous steel" for the project. 
Myrex contends it performed its obligations under the contract, but that Proficient still owed
Myrex money under the contract. Myrex brought a claim against SureTec, as surety on the
payment bond, for failure to pay on the bond, and filed a suit on a sworn account and breach
of contract action against Proficient. Myrex's notice of claim letter to SureTec was dated
May 15, 2005, and mailed on May 16, 2005. Myrex moved for summary judgment against
both SureTec and Proficient. SureTec filed a cross-motion for summary judgment against
Myrex. The trial court granted Myrex's motion for summary judgment and denied SureTec's
cross-motion for summary judgment. The trial court held Proficient and SureTec jointly and
severally liable, and awarded Myrex damages. 


 In its sole issue on appeal, SureTec contends the trial court erred in denying SureTec's
motion for summary judgment and granting Myrex's motion for summary judgment because
Myrex failed to provide timely notice of its claim pursuant to Chapter 2253 of the Texas
Government Code (the "McGregor Act"). 

 The legislature enacted the McGregor Act, which requires contractors to secure a
bond to ensure payment, because a subcontractor or supplier may not place a lien against a
public building. See Featherlite Bldg. Prods. Corp. v. Constructors Unlimited, Inc., 714
S.W.2d 68, 69 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.). The McGregor Act
allows for the subcontractor or supplier to sue the contractor and its surety for any unpaid
balance for work or materials provided and reasonable attorney fees. See Tex. Gov't Code
§ 2253.073. Pursuant to section 2253.041 of the McGregor Act, a subcontractor or supplier
must provide the contractor and its surety notice of its claim:

 (a) To recover in a suit under Section 2253.073 on a
payment bond for a claim for payment for public work
labor performed or public work material delivered, a
payment bond beneficiary must mail to the prime
contractor and the surety written notice of the claim.

 (b) The notice must be mailed on or before the 15th day of
the third month after each month in which any of the
claimed labor was performed or any of the claimed
material was delivered.


Id. § 2253.041(a),(b) (Vernon 2000). 


 We must decide whether the Code Construction Act applies to section 2253.041(b)
of the Texas Government Code. SureTec argues that section 2253.041(b) required Myrex
to mail its notice on or before Sunday, May 15, 2005, which was the 15th day of the third
month after the month in which the claimed labor was performed or material delivered. 
Myrex contends section 311.014 of the Code Construction Act applies and extends section
2253.041's deadline for filing a notice of claim. Section 311.014 provides the following:

 § 311.014. Computation of Time

 (a) In computing a period of days, the first day is excluded and
the last day is included.

 (b) If the last day of any period is a Saturday, Sunday, or legal
holiday, the period is extended to include the next day that is not
a Saturday, Sunday, or legal holiday.

 (c) If a number of months is to be computed by counting the
months from a particular day, the period ends on the same
numerical day in the concluding month as the day of the month
from which the computation is begun, unless there are not that
many days in the concluding month, in which case the period
ends on the last day of that month. 


Tex. Gov't Code Ann. § 311.014 (Vernon 2005). Myrex maintains that because May 15,
2005, fell on a Sunday, section 311.014(b) allowed Myrex to mail the notice on Monday,
May 16, 2005. SureTec asserts the Code Construction Act does not apply to section
2253.041(b) of the Texas Government Code. 

 Although no case has addressed the Code Construction Act's applicability to section
2253.041(b), the Texas Supreme Court addressed a similar issue in Thiel v. Harris County
Democratic Executive Comm., 534 S.W.2d 891 (Tex. 1976). Thiel addressed the application
of the Code Construction Act to Texas Election Code article 13.12. See id. Article 13.12
required that a candidate's application for a place on an official ballot for a general primary
be filed with the county chairman "not later than 6 p.m. on the first Monday in February
preceding such primary." Id. at 892. The statute further provided that "[a]ny application not
received by the chairman before the deadline does not comply . . . unless it has been mailed
by registered or certified mail . . . and it shall not be sufficient to send the application by any
other type of mail unless it is delivered before the deadline." Id. A candidate mailed his
application to the county chairman at 5:54 p.m. on Monday, February 2, 1976, the day of the 
filing deadline, and it was received on the morning of February 3, 1976. Id. Thiel sought
a writ of mandamus directing the Harris County Democratic Executive Committee and its
Chairman to exclude the candidate's name from the ballot for failure to file his application
timely. Id. The Committee argued the candidate's application was timely because the day
before "the first Monday in February preceding [the] primary" was a Sunday, and therefore,
the Code Construction Act extended the deadline for filing by mail to the next day. Id. at
893. The Court held that article 13.12's deadline for candidates to file for places on the
primary election ballots is specific and not extended by the Code Construction Act. Id. 

 Although article 13.12's wording is substantially different than that of section
2253.041(b), the Court's reasoning in Thiel applies in the present case. In Thiel, the Court
explained in what instances the Code Construction Act should be applied to construe statutes:

 By its own terms, the general Code Construction Act is
intended only as an aid or guide in the construction of legislative
codes enacted by the 60th Legislature and subsequent code or
statutory revisions, amendments, etc. Sec. 1.01 states that the
rules set out in the Act "are not intended to be exclusive . . . ."
Sec. 3.06 provides that a special or local provision prevails as an
exception to the general provision, when the two are
irreconcilable, unless the general provision is the later enactment
and the manifest intent is that the general provision prevail. 
Although the general aid and guidance of the Code Construction
Act of 1967 is applicable to subsequently enacted legislation, it
is not designed and should not be construed to engraft
substantive provisions onto subsequently enacted legislation
when the language, meaning, and interpretation of such
legislation are, standing alone, indisputably clear.


Id. at 894. The Court then determined that Section 2.04, the Code Construction Act's prior
version of section 311.014, "is a general rule relating solely to computation of time in
enactments which require that an act be done within a certain number of days to be counted
from a determinable starting point, and which do not specifically set a final date or deadline
contrary to Section 2.04." Id. The Court held that because neither the timeliness of filing
in person or by mail depended upon "computing a period of days," Section 2.04 of the Code
Construction Act did not apply. Id. The Court in Thiel also addressed the consequences of
applying the general computation provisions of the Code Construction Act to article 13.12:

 The application . . . would produce such incredible and
conflicting results that there would be no certainty left as to the
filing deadlines under Article 13.12. For instance, under
Respondents' interpretation, if any first Monday of February
preceding the primary is a legal holiday, then the deadline for
filing would be extended to the following Tuesday. Further, 

 since Sunday (the last day for posting applications by mail)
always precedes Monday, the construction contended for by
Respondents would repeal the Legislature's requirement of
mailing "not later than the day before the filing deadline" and
extend the mailing deadline to include all of Monday, the day of
the filing deadline. The result would be a return to the precise
situation which the Legislature sought to abolish by amending
the statute in 1969 to substitute "not later than the day before"
the filing deadline. Furthermore, under Respondent's contention
a prospective candidate who presents his application to the
chairman in person at 6:30 p.m. on Monday, the day of the filing
deadline, and is rejected for untimeliness, could nevertheless
obtain a place on the primary ballot by placing his rejected
application in an envelope and mailing it by certified or
registered mail to the county chairman postmarked anytime
before midnight of the day of the deadline for filing.


 The logical consequence of applying the Code
Construction Act to effect an extension of the legislatively
prescribed deadline for filing by mail would convict the
Legislature of a futile and foolish act.


Id. at 895 (citation omitted). 

 Myrex contends the Court's reasoning in Thiel does not apply here because the statute
at issue is not analogous to the statute in Thiel. Myrex argues that because all statutory
deadlines can be said to fall on a "date certain," the Code Construction Act would never
apply to any statutory deadline. Myrex also asserts that applying the Code Construction Act
to extend the deadline in a McGregor Act case, when the deadline randomly falls on a
Saturday, Sunday, or holiday, to the following business day does not render the notice

provision "foolish or futile," and does not produce the "incredible and conflicting results"
that would have resulted in Thiel. See id. We disagree. 

 The notice deadline in section 2253.041 specifically and clearly requires claimants to
mail their notice of claim on or before the 15th day of a certain month. See Tex. Gov't
Code Ann. § 2253.041(b). The deadline will always fall on the 15th of a month. See id. 
This statute, similar to article 13.12, establishes a deadline not requiring "computing a period
of days" and does not require that an act be done within a certain number of days to be
counted from a determinable starting point. See Thiel, 534 S.W.2d at 894. Therefore, section
311.014 of the Code Construction Act is inapplicable. 

 As for Myrex's argument that applying the Code Construction Act would not render
the notice provision "foolish or futile," we note that section 2253.041(b)'s prior version
required written notice and a sworn statement of account to the contractor and surety within
ninety days after the tenth day of the month next following each month in which labor was
performed or materials delivered. See Tex. Rev. Civ. Stat. Ann. art. 5160, repealed by Acts
1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 852, 986 (current version at Tex.
Gov't Code Ann. § 2253.041). The prior version required an act be done within a certain
number of days to be counted from a determinable starting point and would require
"computing a period of days." The legislature, however, enacted new legislation requiring
the mailing of a notice of claim on or before the 15th of the month. See Act of May 22,
1993, 73rd Leg., R.S., ch. 268, § 1 1993 Tex. Gen. Laws 852. We presume that the
legislature, in adopting the amendment, intended to make some change in the existing law,
and therefore, we will endeavor to give effect to the amendment. See Am. Sur. Co. of New
York v. Axtell Co., 120 Tex. 166, 36 S.W.2d 715, 719 (1931). By applying section 311.014
of the Code Construction Act to section 2253.041, we would be negating the legislature's
1993 amendment changing the deadline for a notice of claim from a period of days to a date
certain. 

 We recognize that the McGregor Act is remedial in nature, and therefore, should be
"given the most comprehensive and liberal construction possible." Featherlite, 714 S.W.2d
at 69. We also acknowledge that as to the statement of sworn account required by section
2253.041, some courts have only required substantial compliance. See, e.g., Ramex Constr.
Co. v. Tamcon Servs., Inc., 29 S.W.3d 135, 139 (Tex. App.--Houston [14th Dist.] 2000, no
pet.) (contents of statement of sworn account sufficient); Featherlite, 714 S.W.2d at 69 (The
words "due and unpaid" in the sworn statement constitute, in substance, a statement that the
amount claimed was "just and correct" as required by the notice requirements of the
McGregor Act); Sims v. William S. Baker, Inc., 568 S.W.2d 725, 730 (Tex. Civ. App.--Texarkana 1978, writ ref'd n.r.e.) (notice of claim describing the labor and materials as
"sheet metal and duct work for the construction project" substantially complied with prior
version of section 2253.041's requirement that the notice of claim must describe the labor
and/or materials in such a manner as to reasonably identify them); U. S. Fidelity & Guar. Co.
v. Parker Bros. & Co., 437 S.W.2d 880, 881-82 (Tex. Civ. App.--Houston [1st Dist.] 1969,
writ ref'd n.r.e.) (notices and a sworn statement of account that had been timely given to
contractor along with copies of such instruments to surety substantially complied with prior
version of section 2253.041's requirement that the notices of claim be accompanied by a
sworn statement of account although the copy of statement of account given to surety did not
show it was sworn). However, we need not construe section 2253.041(b), as the legislature
has provided a specific and clear deadline, and we find no authority to require only
substantial compliance as to the specific notice deadline. We sustain SureTec's sole issue
on appeal. 

 We reverse the trial court's final judgment and render judgment that Myrex take
nothing against SureTec.

 REVERSED AND RENDERED.

 

 __________________________________

 CHARLES KREGER

 Justice


Submitted on March 29, 2007

Opinion Delivered August 16, 2007


Before McKeithen, C.J., Kreger and Horton, JJ.