Opinion issued February 11, 2010




















In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00487-CV




UNITED FIRE & CASUALTY CO. Appellant

V.

BORING & TUNNELING COMPANY OF AMERICA d/b/a BORTUNCO,
Appellee




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2006-08104




O P I N I O N
          On cross motions for summary judgment in a suit to collect on a McGregor
Act


 payment bond, the trial court granted summary judgment in favor of appellee,
Boring & Tunneling Company of America (“Bortunco”), and denied the motion of
appellant, United Fire & Casualty Company (“United Fire”). In two issues, United
Fire argues that (1) Bortunco failed to substantially comply with the notice provisions
of the McGregor Act; and (2) it did not waive its right to, nor is it estopped from,
asserting notification defects. 
          We affirm.
BACKGROUND
          Golf Services Group contracted with Harris County and the City of Houston
to complete two different water line projects and, in compliance with the McGregor
Act, obtained a payment bond through United Fire to ensure that any subcontractors
would be paid if Golf Services defaulted. Golf Services subcontracted with Bortunco
in May 2004 to complete the boring and tunneling work on the projects. Bortunco
completed all work and fully performed its obligations under its agreement with Golf
Services, but Golf Services failed to pay Bortunco for its work.
          Bortunco sent notices to United Fire that it was seeking to collect against the
payment bond for the services it had provided. Among the notices that Bortunco sent
was one dated October 14, 2005, relating a claim for work and material expenses
incurred in July and August of 2005. Bortunco sent the notice on a “sworn statement
form,” and an agent for Bortunco signed the statement, but the notary did not attach
a seal or signature. Bortunco’s notice comported with the statute in all other respects. 
Bortunco’s notice also requested that United Fire notify Bortunco if the claim was
deficient in “any way.” United Fire received the notice and sent a letter
acknowledging receipt of the claim and informing Bortunco that it would investigate
the claim. The letter United Fire sent Bortunco stated, “Neither this letter, or any
investigation by the Surety, should be construed to be a waiver of any rights under the
bond.” United Fire did not object to the missing notary signature and seal.
          On December 14, 2005, nearly two months after the claim filing deadline,
Bortunco noticed that the original sworn statement was missing a notary seal and sent
an identical sworn statement with a notary’s signature and seal. United Fire
responded on January 11, 2006 with the same letter it had sent the first time.
          Neither Golf Services nor United Fire, as the surety on Golf Service’s payment
bond, paid Bortunco for the work it completed, and, on February 7, 2006, Bortunco
filed suit against both Golf Services and United Fire seeking recovery of the contract
balances on both projects in the amount of $438,389.74. Subsequently, Bortunco and
United Fire settled the majority of Bortunco’s claims except for work and material
expenses Bortunco incurred in July and August 2005. United Fire moved for
summary judgment on the ground that Bortunco was not entitled to recover the
remaining expenses because it had failed to give proper notice, specifically arguing
that the October 14, 2005 notice lacked a sworn statement of account as required by
the McGregor Act. United Fire supported its motion for summary judgment with
copies of the October 14 and December 14 notices.
          Bortunco filed its own motion for summary judgment and response to United
Fire’s motion, arguing that its notice substantially complied with the McGregor Act
notice provisions, or, alternatively, that United Fire “waived strict compliance with
the notice provisions of the McGregor Act” and should be “estopped from demanding
strict compliance.” In addition to copies of the relevant notices and United Fire’s
responses, Bortunco supported its motion for summary judgment with the affidavit
of Joe Gibbs averring that the notary had placed him under oath and that he had
sworn to and signed the sworn statement of account dated October 14, 2005 in the
notary’s presence, and that the notary’s oversight resulted in the missing signature
and seal. Bortunco also provided the affidavit of the notary averring that Gibbs did
swear to the contents of the sworn statement under oath and signed it in her presence
and stating, “[T]he absence of my signature is solely indicative of a clerical error
committed by me; Mr. Gibbs swore to and signed the Sworn Statement of Account
under oath and in my presence and I simply neglected to place thereon my signature
and seal as notary before mailing it to the surety and contractor. . . .”
          On December 12, 2007, the trial court granted Bortunco’s motion for summary
judgment, awarding Bortunco the $142,542.75 it claimed for the July and August
2005 work, and denied United Fire’s motion without an opinion. United Fire appeals.
Standard of Review
          We review a trial court’s grant or denial of summary judgment de novo. 
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). To
prevail on a traditional summary judgment motion, the movant has the burden of
proving that it is entitled to judgment as a matter of law and that there are no genuine
issues of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995). When both parties move for summary judgment and the trial court
grants one motion and denies the other, the reviewing court should review the
summary judgment evidence presented by both sides, determine all questions
presented and render the judgment that the trial court should have rendered. Tex.
Workers’ Comp. Comm’n v. Patient Advocates, 136 S.W.3d 643, 648 (Tex. 2004).
 
 
McGregor Act and Substantial Compliance
          United Fire contends that the notice Bortunco sent did not include a “sworn
statement” as required by the McGregor Act because the notice did not have a notary
seal or signature. Therefore, United Fire contends Bortunco failed to adhere to notice
provisions in the McGregor Act and is not entitled to payment. Bortunco avers it
substantially complied with the McGregor Act because the document was only
defective as a result of the notary’s clerical error.
          The legislature passed the McGregor Act to ensure payment to subcontractors
because they may not place a lien against a public building. Suretec Ins. Co. v. Myrex
Ind., 232 S.W.3d 811, 813 (Tex. App.—Beaumont 2007, no pet.); Ramex Constr. Co.
v. Tamcon Serv. Inc., 29 S.W.3d 135, 139 (Tex. App.—Houston [14th Dist.] 2000,
no pet.). It was not intended to set up “technical tricks, traps, and stumbling blocks
to the filing of legitimate notices of claims,” but “to provide a simple and direct
method of giving notice and perfecting claims.” Agree Corp. & Seaboard Sur. Co.
v. Solis, 932 S.W.2d 39, 52–53 (Tex. App.—Beaumont 1995), rev’d on other
grounds, 951 S.W.2d 384 (Tex. 1997). The notice requirements were also intended
“to protect the prime contractor from incurring double liability [and to relieve them
of] liability for claims not asserted before retainage is paid in full.” Commercial
Union Ins. Co. v. Spaw-Glass Corp., 877 S.W.2d 538, 540 (Tex. App.—Austin 1994,
writ denied).
          The McGregor Act requires general contractors to secure a bond from a surety,
allows a subcontractor to sue the surety for unpaid balances for work and materials,
and awards reasonable attorneys’ fees. Id.; see Tex. Gov’t Code Ann. §§ 2253.021,
2253.073 (Vernon 2008). To recover under the act, a claimant or subcontractor must
provide notice to the general contractor and the surety in writing. Tex. Gov’t code
§ 2253.041. The McGregor Act further provides that the notice must conform to the
following requirements:
(b)     The notice must be mailed on or before the 15th day of the third
month after each month in which any of the claimed labor was
performed or any of the claimed material was delivered.
 
(c)     The notice must be accompanied by a sworn statement of account
that states in substance:
 
          (1)     the amount claimed is just and correct; and 
 
          (2)     all just and lawful offsets, payments, and credit known to
the affiant have been allowed.
 
(d)     The statement of account shall include the amount of any
retainage applicable to the account that has not become due under
the terms of the public work contract between the payment bond
beneficiary and the prime contractor or between the payment
bond beneficiary and a subcontractor.
 
Tex. Gov’t Code Ann. § 2253.041(b)–(d) (Vernon 2008).
          The McGregor Act is remedial in nature, and, therefore, “[t]he statute is to be
given the most comprehensive and liberal construction possible.” Ramex, 29 S.W.3d
at 139; see also City of LaPorte v. Taylor, 836 S.W.2d 829, 832 (Tex. App.—Houston
[1st Dist.] 1992, no writ). As a result, case law has established that adherence to
notification deadlines requires strict compliance, but substantial compliance is
adequate for the other notice provisions. Cf. Commercial Union Ins., 877 S.W.2d at
540 (holding that claimants could not recover when they failed to give any notice);
Suretec Ins. Co., 232 S.W.3d at 816 (failure to provide notice by 15th day of month
not saved by substantial compliance); Capitol Indem. Corp. v. Kirby Rest. Equip. &
Chem. Supply Co., 170 S.W.3d 144, 147 (Tex. App.—San Antonio 2005, pet. denied)
(holding “sworn certificate” that did not precisely comport with statutory language
sufficient); U.S. Fid. & Guar. Co. v. Parker Bros. & Co., 437 S.W.2d 880, 881–82
(Tex. Civ. App.—Houston [1st Dist.] 1969, writ ref’d n.r.e.) (claimant substantially
complied with notice provisions although sworn statements were sent to general
contractor and unsworn statements sent to surety). Substantial compliance has been
defined as “compliance with the ‘essential requirements of a statute’” and occurs
when an actor’s deviation does not seriously impede the legislative purpose of the
statute. See Stratton v. Austin Indep. Sch. Dist., 8 S.W.3d 26, 30 (Tex. App.—Austin
1999, no pet.).
          United Fire cites several cases which have held that late notification did not
substantially comply with the McGregor Act. See, e.g., Laboratory Design & Equip.,
Inc. v. Brooks Dev. Auth., No. 04-07-00284-CV, 2008 WL 36614, at *3 (Tex.
App.—San Antonio, no pet.) (holding that notice mailed one year late and failure to
provide any sworn statement whatsoever with notice prevented subcontractor from
recovering against payment bond). However, the issue here is not one of late
notification. United Fire argues that Bortunco’s notice was deficient because it
lacked the notary signature and seal, not because the notice was untimely. Nor did
Bortunco’s notice fail to provide any sworn statement whatsoever. Therefore,
Laboratory Design and the other cases United Fire relies on are distinguishable.



            We conclude that this case is similar to Acme Brick. In Acme Brick, the
claimant sent an otherwise correct notice with the affiant’s signature in the wrong
place on the sworn statement. Acme Brick, a Div. of Justin Indus., Inc. v. Temple
Assoc., 816 S.W.2d 440, 441 (Tex. App.—Waco 1991, writ denied). The document
contained a notice of claim, factual statement that the claims were just and correct,
the signature of the affiant, and the notary’s certification of the statement with a seal. 
Id. The court held that the document did qualify as an affidavit, but stated,
“Moreover, even if the statement was not an affidavit, the McGregor Act requires
only substantial compliance with its notice provisions. . . . We find the notices sent
by Acme to [the prime contractor and surety] substantially complied with the notice
provisions of the McGregor Act.” Id. (citing Featherlite Bldg. Prods. Corp. v.
Constructors Unlimited, Inc., 714 S.W.2d 38, 69 (Tex. App.—Houston [14th Dist.]
1986, writ ref’d n.r.e.).
          Here, although Bortunco’s sworn statement is missing the official certification
by the notary to qualify as a affidavit, it is uncontested that Bortunco’s agent swore
to the statement before an “officer authorized to administer oaths” and signed the
statement in the notary’s presence. Likewise, the notice otherwise supplies the
statutorily required statements and information and was delivered by the required
deadline. Bortunco’s notification was only deficient because of the nortary’s clerical
error in failing to attach her signature and seal before mailing the document. 
          We also note that United Fire received actual notice within the statutory
deadline


 and that, as soon as Bortunco noticed the clerical omission, it sent an
identical notice and sworn statement, this time with the notary’s signature and seal. 
Bortunco’s notary’s failure to affix a seal and signature to the sworn statement did not
expose the prime contractor or the surety to increased liability, nor did it prevent
United Fire from having actual notice of the claims Bortunco was making against the
payment bond, especially in light of the fact that Bortunco apparently submitted
numerous notices in compliance with the McGregor Act in the course of its dealings
with United Fire.
          Because Bortunco’s sworn statement met the essential requirements of the
statute in providing actual notice to United Fire of Bortunco’s claims against the bond
and adequately protected both Golf Services and United Fire from undue liability, we
hold that the document substantially complied with the McGregor Act’s notice
provisions. To hold otherwise would require that we set up “technical tricks, traps,
and stumbling blocks to the filing of legitimate notices of claims” rather than
providing “a simple and direct method of giving notice and perfecting claims” as the
legislature intended. See Agree Corp., 932 S.W.2d at 52–53. Therefore, Bortunco
met its burden of proving that it was entitled to judgment as a matter of law and that
there were no genuine issues of material fact. See Tex. R. Civ. P. 166a(c); Cathey,
900 S.W.2d at 341.
          We overrule United Fire’s first issue.
          Because we have determined that Bortunco’s notice substantially complied
with the requirements of the McGregor Act, we do not need to address United Fire’s
argument that it is not estopped and did not waive its right to assert notification
defects.
CONCLUSION
          We affirm the judgment of the trial court.






                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Keyes, Hanks, and Sharp.